Anthony P. Consiglio, Esq.
NJ Bar # 465412024
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel: (516) 248-5550
Fax: (516) 248-6027
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON KLEMKA, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>– against –<br><br>DRAKMOR INC., and SHERYL R. MORSON, individually, and JOHN DRAKOPOULOS, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:**  26-cv-8268<br><br>Jury Trial Demanded |

SHANNON KLEMKA ("Plaintiff"), on behalf of herself, individually, and on behalf of all

others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these

terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C.,

as and for her Complaint against DRAKMOR INC. ("Drakmor"), and SHERYL R. MORSON,

individually, and JOHN DRAKOPOULOS, individually, (together, where appropriate, as

"Defendants"), alleges upon knowledge as to herself and her own actions, and upon information

and belief as to all other matters, as follows:

## **NATURE OF THE CASE**

1.      This is a civil action for damages and other redress based upon Defendants' willful violations of: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; (ii) the minimum wage provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a4; (iii) the tip pooling and tip retention provisions of the FLSA, 29 U.S.C. § 203; (iv) the tip pooling and tip retention provisions of the NJWHL, N.J.S.A. 34:11-56a4(e), and as set forth in the New Jersey Administrative Code ("NJAC"), 12:56-3.5; (v) the full payment provisions of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.2; (vi) New Jersey common law, based on Defendants' conversion of Plaintiff's gratuities; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants – a New Jersey corporation that operates a restaurant in Flemington, New Jersey, known as both Flemington Diner and Flemington-Raritan Diner, and its owners and day-to-day overseers – from September 2024 to August 2025, as a server. As described below, throughout Plaintiff's employment, Defendants scheduled Plaintiff to work thirty-nine hours each week but paid her a fixed weekly salary of just $245.00.  Thus, Defendants paid Plaintiff at an hourly rate that fell below the minimum wage that both federal and New Jersey law requires for all hours of work.

3.      Moreover, Defendants willfully failed to pay Plaintiff all of the tips lawfully due under the FLSA, the NJWPL, and the NJAC, in that Defendants: routinely required Plaintiff to pay 20% of her cash tips to the individual Defendants and the restaurant's assistant manager; and paid Plaintiff only a lump sum of $172.00 per week for her credit card tips, which was far less than her share of the credit card tips that Defendants collected during her shifts each week.  This

2

unauthorized withholding of pay also violates the full and timely payment provisions of the NJWPL, and constitutes conversion under New Jersey common law.

4.    Defendants paid and treated all of their servers in the same manner.

5.    Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings her claims under the NJWHL, the NJWPL, the NJAC, and New Jersey common law on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.    Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of Defendants' violations of those statutes, their supporting regulations, and common law.

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey law.

8.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiff performed substantially all of her work for Defendants in this District.

3

## PARTIES

9.     At all relevant times herein, Plaintiff worked for Defendants in New Jersey and was an "employee" entitled to protection as defined by the FLSA, the NJWHL, the NJWPL, and the NJAC.

10.     At all relevant times herein, Defendant Drakmor was and is a New Jersey corporation with its principal place of business located at 324 Route 31, Flemington, New Jersey 08822, where it operates a restaurant known as both Flemington Diner and Flemington-Raritan Diner ("the Diner").  It is also registered to receive service of process at that address.

11.     At all relevant times herein, Defendants Morson and Drakopoulos were co-owners and executive officers who oversaw the day-to-day operations of Defendant Drakmor and the Diner.  In this role, Morson and Drakopoulos, with input from their assistant manager, were together responsible for overseeing all of the day-to-day operations of the Diner, including managing all of its employees, determining employees' rates and methods of pay and hours worked, distributing work duties, paying employees, hiring and firing all employees, and maintaining employment records, including all of those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.  Specifically, Morson and Drakopoulos together determined Plaintiff's rates and methods of pay and supervised her work.  They also both paid Plaintiff, maintained or should have maintained Plaintiff's employment records, and had ultimate authority over her hiring and work schedule.

12.     At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, the NJWHL, the NJWPL, and the NJAC.  Additionally, at all times relevant to the FLSA, the qualifying annual business of Defendant Drakmor exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of

4

the FLSA, as they have employed two or more employees, buy materials such as food and cooking supplies from vendors in states other than New Jersey that they then sell to their New Jersey customers, and accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines, the combination of which subjects Defendants to the FLSA's minimum wage and tip retention/pooling requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wages and unlawfully retained gratuities, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, worked as servers for Defendants at the Diner, and who consent to file a claim to recover unpaid minimum wages, unlawfully retained gratuities, and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14.     At all relevant times herein, Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were not paid the minimum wage required by the FLSA for all hours of work; and (5) were not paid all of the gratuities due to them.

15.     At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial servers, including Plaintiff and all FLSA Plaintiffs, at least at the minimum wage rate for all hours of work and all gratuities due, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, Plaintiff and FLSA Plaintiffs lodged numerous

complaints to Defendants Morson and Drakopoulos and to Defendants' assistant manager Jose that Defendants were not paying them at least at the minimum wage rate per hour worked and all of their due gratuities in accordance with the law, but Defendants continued not to pay Plaintiff and FLSA Plaintiffs at least the minimum wage rate per hour worked and their due gratuities. Moreover, Defendant Morson was sued previously by the United States Department of Labor for federal wage violations in 2012 based on her unlawful wage payments to employees at another restaurant that she owned, which resulted in the court entering a Consent Judgment. Morson undoubtedly learned of the FLSA's requirements during that lawsuit, yet all Defendants in this lawsuit have continued through the present time to employ the same highly experienced employment law attorney who signed the Consent Judgment on Morson's behalf to advise them about wage law requirements with respect to the Diner. Yet they seemingly ignored their attorney's advice and continued to pay their employees in violation of the law.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees at least at the minimum wage rate per hour worked and their due gratuities, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

17.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NJWHL, the NJWPL, the NJAC, and New Jersey common law during the applicable statutory periods.

18.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.   The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees of Defendants, who during the applicable limitations periods, worked as servers for Defendants at the Diner ("Rule 23 Plaintiffs").

## **Numerosity**

20. During all times applicable to the NJWHL, the NJWPL, and New Jersey common law, Defendants have employed, in total, at least forty employees that are putative members of this class.

## **Common Questions of Law and/or Fact**

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants paid each Rule 23 Plaintiff at least at the minimum wage rate required by New Jersey law for each hour of work; (3) whether Defendants unlawfully retained and/or converted for their own use gratuities due to each Rule 23 Plaintiff; (4) whether Defendants have failed to pay the Rule 23 Plaintiffs all of their earned wages in full and without deduction as required by the NJWPL; (5) whether Defendants have kept and maintained records with respect to each hour that the Rule 23 Plaintiffs have worked; (6) whether Defendants have kept and maintained records with respect to the

compensation that they have paid to the Rule 23 Plaintiffs; (7) whether Defendants maintain any defenses, affirmative or otherwise, with respect to the Rule 23 Plaintiffs' claims; (8) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NJWHL and the NJWPL and their supporting regulations, and/or New Jersey common law; and (9) if so, what constitutes the proper measure of damages.

## Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial servers in the Diner. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants at the Diner in New Jersey, yet Defendants have failed to pay them the minimum wage pursuant to New Jersey law for all hours worked, and illegally retained and converted for their own use gratuities due to them. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NJWHL, the NJWPL, and/or New Jersey common law to receive at least the minimum wage for all hours worked and all gratuities due to them. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL, the NJWPL, the NJAC, and New Jersey common law. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

## Adequacy

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff at least

at the minimum wage for all of her hours worked and unlawfully retained and converted for their own use gratuities due to her, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs.  Plaintiff is no longer employed with Defendants and thus has no fear of retribution for her testimony.  Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to her.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

## Superiority

25.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26.    Any lawsuit brought by any non-managerial server employed by Defendants at the Diner for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

27.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28.    At all relevant times herein, Defendant Drakmor was and is a New Jersey corporation that has operated the Diner located at 324 Route 31, Flemington, New Jersey 08822, which is known as both Flemington Diner and Flemington-Raritan Diner.

9

29.     At all relevant times herein, Defendants Morson and Drakopoulos were Defendant Drakmor's co-owners and the co-managers responsible for overseeing the Diner on a day-to-day basis, including all pertinent personnel-related matters as detailed above.

30.     Plaintiff worked for Defendants at the Diner from September 1, 2024, through August 8, 2025, as a non-managerial server, taking guests' orders, serving them their meals, and coordinating all restaurant service to the guests with the cooks in the kitchen, the host in the dining room, and the busboy.

31.     Throughout Plaintiff's employment, Defendants scheduled Plaintiff to work, and Plaintiff did work, six days per week, from 8:30 a.m. to 3:00 p.m. without a scheduled or uninterrupted break during her shifts, for a total of thirty-nine hours per week.

32.     In exchange, Defendants paid Plaintiff a fixed salary of $245.00 per week.  Thus, Defendants paid Plaintiff at the regular hourly rate of $6.28.

33.     As would be expected in most restaurants, Defendants' customers left gratuities for the Diner's service staff, including Plaintiff, sometimes in cash, and sometimes by credit card.

34.     With respect to the cash tips collected by Plaintiff from customers, Defendants required that Plaintiff hand over twenty percent to Defendants Morson and Drakopoulos directly or to their assistant manager Jose, which Defendants then kept for themselves.

35.     With respect to the credit card tips collected by the Diner during each shift that Plaintiff worked, Defendants paid Plaintiff a fixed amount of $172 per week regardless of Plaintiff's share of credit card tips, which was less than what Plaintiff's share should have been. Defendants kept the difference for themselves.

36.     Defendants have acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

37.     Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

38.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the FLSA*

39.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

41.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

42.     As also described above, Defendants failed to compensate Plaintiff and FLSA Plaintiffs at least at the minimum hourly rate that the FLSA requires for all hours worked.

43.     Defendants willfully violated the FLSA.

44.     At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay that the FLSA requires for all hours worked.

45.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NJWHL*

46.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47.    The NJWHL, N.J.S.A. 34:11-56a4, prescribes a minimum wage that employers must pay to their employees for each hour worked.

48.    As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NJWHL.

49.    As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action at least at the minimum hourly rate that the NJWHL requires for all hours worked.

50.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to the minimum rate of pay that the NJWHL requires for all hours worked.

51.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to 200% liquidated damages and attorneys' fees for Defendants' violations of the NJWHL's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Distribute Tips in Violation of the FLSA*

52.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.      29 U.S.C. § 203 prohibits an employer from retaining tips meant to be received by its employees.

54.      As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees eligible to receive tips within the meaning of the FLSA.

55.      As also described above, Defendants did not distribute all tips left by patrons of their establishment to Plaintiff and FLSA Plaintiffs as required by law.

56.      Defendants willfully violated the FLSA.

57.      Plaintiff and FLSA Plaintiffs are entitled to compensation for all tips that Defendants unlawfully withheld from them during each week of their employment, in violation of the FLSA.

58.      Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's tip pooling and tip retention provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Distribute Tips in Violation of the NJWHL*

59.      Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.      The NJWHL, N.J.S.A. 34:11-56a4(e), and as set forth in the accompanying regulations, NJAC 12:56-3.5, prohibits an employer from retaining tips meant to be received by its employees.

13

61.     As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action were and/or are employees eligible to receive tips within the meaning of the NJWHL.

62.     As also described above, Defendants did not distribute all tips left by patrons of their establishment to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action as required by law.

63.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to compensation for all tips that Defendants unlawfully withheld from them during each week of their employment, in violation of the NJWHL.

64.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to 200% liquidated damages and attorneys' fees for Defendants' violations of the NJWHL's tip provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Full Amount of Wages Due in Violation of the NJWPL*

65.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     The NJWPL, N.J.S.A. 34:11-4.2, prohibits an employer from paying less than the full amount of wages due to its employees on any regular pay day.

67.     As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action were and/or are employees within the meaning of the NJWPL.

68.     As also described above, Defendants did not pay the full amount of wages due to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action on every pay day as required by law.

69.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to compensation for all wages that Defendants unlawfully withheld from them during each week of their employment, in violation of the NJWPL.

70.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to 200% liquidated damages and attorneys' fees for Defendants' violations of the NJWPL's full payment provisions.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Conversion in Violation of New Jersey Common Law*

71.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     The New Jersey common law tort of conversion prohibits an individual or entity from intentionally, and without consent, taking control over the money or property of another, or otherwise obstructing an individual's ability to possess his/her money or property.

73.     As described above, Defendants retained for their own use and benefits tips that their customers left for Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, and they are liable to them in that amount, plus interest.

74.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to punitive damages as a result of Defendants' conversion of their money.

15

## DEMAND FOR A JURY TRIAL

75.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New Jersey laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.    Certification of the claims brought in this case under the NJWHL, the NJWPL, and New Jersey common law as a class action pursuant to FRCP 23;

f.    Designation of Plaintiff and her counsel as collective/class action representatives under the FLSA and the FRCP;

g.  Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

h.  Granting liquidated damages and any other statutory penalties as recoverable under the FLSA, NJWHL, and NJWPL;

i.  Granting punitive damages as recoverable under New Jersey common law commensurate with Defendants' ability to pay;

j.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

k.  Awarding pre-judgment and post-judgment interest, as provided by law; and

l.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  Garden City, New York
        July 6, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:  _____
        ANTHONY P. CONSIGLIO

17