# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SHANNON KLEMKAKLEMKA, on behalf of herself, individually, and on behalf of all others similarly-situated,

Plaintiff(s)

v.

DRAKMOR INC., and SHERYL R. MORSON, individually, and JOHN DRAKOPOULOS, individually

Defendant(s)

Civil Action No. 26-cv-8268

Hon. J. Brendan Day

## JOINT PROPOSED DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.
   Anthony P. Consiglio (Borrelli & Associates PLLC for Plaintiff ), 910 Franklin Avenue, Suite 205, Garden City, NY 11530; Tel: (516) 248-5550; Fax: (516) 248-6027; Jamie S. Felsen (Milman Labuda Law Group PLLC for Defenda

2. Set forth a brief description of the case, including the causes of action and defenses asserted. Unpaid Minimum wages under FLSA and NJWHL; failure to distribute tips under FLSA and NJWHL; failure to pay wages due under NJWHL; conversion Defendants deny the allegations and assert Pl

3. Have settlement discussions taken place? Yes __________ No X__________

   (a) What was plaintiff's last demand?

   (1) Monetary demand: $ ___________

   (2) Non-monetary demand: __________

   (b) What was defendant's last offer?

   (1) Monetary offer: $ ___________
   (2) Non-monetary offer: __________

4. The parties [have X__________ have not __________] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have X______ have not ______ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor. ______________________________

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). ______________________________________________________

7. The parties [have _________ have not X________] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties [have __________ have not X__________] conducted discovery other than the above disclosures. If so, describe. ________________________________________

9. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects: wages (including tips) paid to plaintiff

   (b) Discovery [should __________ should not X__________] be conducted in phases or be limited to particular issues. Explain: ______________________________

   (c) Proposed schedule:

      (1) Fed. R. Civ. P. 26 Disclosures Complete.

      (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) 9/30/26.

      (3) Service of initial written discovery demands served; responses due 11/6/2026.

      (4) Maximum of 25 Interrogatories by each party to each other party.

      (5) Maximum of _____ depositions to be taken by each party.

      (6) Motions to amend or to add parties to be filed by 10/23/26.

      (7) Factual discovery to be completed by 5/31/27.

      (8) Plaintiff's expert report due on 7/15/27.

      (9) Defendant's expert report due on 8/30/27.

      (10) Expert depositions to be completed by 10/26/27.

      (11) Dispositive motions to be served within 30 days of completion of discovery.

   (d) Set forth any special discovery mechanism or procedure requested.

   ________________________________________________________

(e) A pretrial conference may take place on ______________________.

(f) Trial date: ________________________ ( X Jury Trial; _____ Non-Jury Trial).

10. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes ____ No ____. If so, please explain deposition locations under discussion.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _______ No X.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

______________________________________________________________

12. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S No.

13. Do you anticipate any discovery problem(s) not listed above? Describe. Yes ________ No X.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.) No.

15. Is this case appropriate for bifurcation? Yes __________ No X

16. An interim status/settlement conference (with clients in attendance) should be held in ______________________________________.

17. We [do __________ do not X ] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.
Plaintiff will file a motion for conditional certification of a collective action

Anthony Consiglio October 8, 2026

Attorney(s) for Plaintiff(s) / Date

Joseph M. Labuda/Jamie S. Felsen October 8, 2026

Attorney(s) for Defendant(s) / Date