Anthony P. Consiglio, Esq.
NJ Bar # 465412024
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel: (516) 248-5550
Fax: (516) 248-6027
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANNON KLEMKA, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>– against –<br><br>DRAKMOR INC., and SHERYL R. MORSON, individually, and JOHN DRAKOPOULOS, individually,<br><br>Defendants. | 26 CV 8268 (RK) (JBD) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, DISCLOSURE OF CONTACT INFORMATION, AND LEAVE TO DISTRIBUTE NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

PROCEDURAL HISTORY AND PERTINENT FACTS ..... 2

ARGUMENT ..... 3

I. The Remedial Purposes of the FLSA Warrant Prompt and Accurate Notice to Potential Collective Action Members ..... 3

A. Prompt Notice to the Collective Is Crucial to the Purpose of the FLSA ..... 3

B. The Standard for Conditional Certification Is Lenient ..... 4

C. The District Court's Supervision of the Notices To Be Distributed Ensures Efficiency ..... 5

II. Plaintiffs Easily Satisfy the Lenient Standards for Conditional Certification and Sending Notice to the Potential Collective Action Members ..... 7

III. The Court Should Order that Notice and a Reminder Notice Be Sent to Potential Collective Action Members and Order Defendants to Produce Complete Contact Information for All Potential Collective Action Members ..... 9

A. The Proposed Notice ..... 9

B. The Court Should Order Defendants to Produce Potential Collective Members' Contact Information ..... 10

C. The Court Should Order Defendants to Post the Notice in a Conspicuous Position in the Employees' Work Space ..... 11

D. The Court Should Permit Plaintiffs to Send a Notice and a Reminder Notice Via Regular Mail, Email, and Text Message, and Permit a Sixty-Day Opt-in Period ..... 12

CONCLUSION ..... 14

# TABLE OF AUTHORITIES

## Cases

*Afsur v. Riya Chutney Manor LLC*, 2013 WL 3509620 (D.N.J. July 11, 2013).......................... 12

*Barrios v. Suburban Disposal, Inc.*, 2013 WL 6498086 (D.N.J. Dec. 11, 2013).......................... 7

*Bath v. Red Vision Sys., Inc.*, 2014 WL 2436100 (D.N.J. May 29, 2014)............................... 8, 11

*Bouder v. Prudential Fin., Inc.*, 2008 WL 7898281 (D.N.J. Mar. 27, 2008) .............................. 10

*Brock v. Richardson*, 812 F.2d 121 (3d Cir. 1987)............................................................ 3

*Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239 (3d Cir. 2013)........................................ 6

*Casco v. Ponzios RD, Inc.*, 2018 WL 1203469 (D.N.J. Mar. 8, 2018).......................................... 7

*DePalma v. Scotts Co. LLC*, 2017 WL 1243134 (D.N.J. Jan. 20, 2017)....................................... 4

*Gilbertson v. J. Givoo Consultants I, Inc.*, 2021 WL 689114 (D.N.J. Feb. 23, 2021) ................ 13

*Goodman v. Burlington Coat Factory*, 2012 WL 5944000 (D.N.J. Nov. 20, 2012) ..................... 7

*Halle v. W. Penn. Allegheny Health Sys. Inc.*, 842 F.3d 215 (3d Cir. 2016) ........................ passim

*Herring v. Hewitt Assocs., Inc.*, 2007 WL 2121693 (D.N.J. July 24, 2007) ................................ 7

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989)............................................ 3, 5, 6, 10

*Hughes v. Township of Franklin*, 2014 WL 1428609 (D.N.J. Apr. 14, 2014) .............................. 9

*Jones v. SCO, Silver Care Operations LLC*, 2015 WL 5567355 (D.N.J. Sep. 22, 2015) .... 5, 8, 12

*Kaynaroglu v. Avis Budget Group, Inc.*, 773 F.Supp.3d 169 (D.N.J. 2025) ........................ passim

*Kress v. Fulton Bank, N.A.*, 2021 WL 9031639 (D.N.J. Sep. 17, 2021) ....................................... 6

*Krstic v. J.R. Contracting & Envtl. Consulting*, 2011 WL 1042732 (D.N.J. Mar. 16, 2011)......................................................................................................................... 9

*Lusardi v. Xerox Corp.*, 747 F.2d 174 (3d Cir. 1984)................................................................. 4

*Maddy v. General Elec. Co.*, 59 F. Supp. 3d 675 (D.N.J. 2014) ................................................. 7

*Martin v. Selker Bros., Inc.*, 949 F.2d 1286 (3d Cir. 1991)....................................................... 11

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)........................................................... 11

*Mejia v. Allied Aviation Svcs. Inc.*, 2025 WL 1378964 (D.N.J. May 13, 2025).............. 4, 7, 8, 11

*Morisky v. Public Svc. Elec. and Gas Co.*, 111 F. Supp. 2d 493 (D.N.J. 2000)............................ 7

*Ornelas v. Hooper Holmes, Inc.*, 2014 WL 7051868 (D.N.J. Dec. 12, 2014)................. 10, 11, 12

*Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567 (D.N.J. 2014) .................... passim

*Purnamasidi v. Ichiban Japanese Restaurant*, 2010 WL 3825707 (D.N.J. Sep. 24, 2010) ........... 8

*Robles v. Vornado Realty Trust*, 2015 WL 5012597 (D.N.J. Aug. 21, 2015) ......................... 7, 10

*Rochester v. City of East Orange*, 2013 WL 6858855 (D.N.J. Dec. 30, 2013) ............................. 7

*Russo v. Government Employees Insurance Co.*, 2022 WL 3098107 (D.N.J. Aug. 3, 2022)........................................................................................................................ 8

*Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420 (3d Cir. 2017).......................... 3

*Shakib v. Back Bay Restaurant Grp., Inc.*, 2011 WL 5082106 (D.N.J. Oct. 26, 2011)................ 10

*Stone v. Troy Construction, LLC*, 935 F.3d 141 (3d Cir. 2019) .................................................. 11

*Symczyk v. Genesis Healthcare Grp.*, 656 F.3d 189 (3d Cir. 2011), *rev'd on other grounds by Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66 (2013) ............................ 4, 5, 6

*Yang v. Taiji Oriental Spa NJ Corp.*, 2023 WL 8469611 (D.N.J. Dec. 6, 2023) .......................... 7

*Yang v. Village Super Market, Inc.*, 2019 WL 1275059 (D.N.J. Mar. 20, 2019) .......................... 8

*Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012) .................................................. 5, 7

## Statutes

29 U.S.C. § 203......................................................................................................................... 8

29 U.S.C. § 206......................................................................................................................... 8

29 U.S.C. § 216............................................................................................................... 1, 3, 4, 6

29 U.S.C. § 255.................................................................................................................... 6, 10

29 U.S.C. § 256......................................................................................................................... 4

## Rules

Fed. R. Civ. P. 23 ...................................................................................................................... 4

## PRELIMINARY STATEMENT

Named Plaintiff Shannon Klemka and opt-in Plaintiffs Renee Manfredi and Tara Manfredi (together as "Plaintiffs") move this Court for an order conditionally certifying a Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b), requiring from Defendants Drakmor Inc., Sheryl R. Morson, and John Drakopoulos the disclosure of the potential collective members' contact information, authorizing Plaintiffs to effectuate the distribution of notice, by various means, to potentially affected individuals in the manners described below, and requiring Defendants to post notice in a common area of the workplace. All three Plaintiffs have submitted Declarations in support of this motion. (*See* accompanying Declaration of Shannon Klemka dated Nov. 20, 2026 ("Klemka Decl."), Declaration of Renee Manfredi dated Nov. 21, 2026 ("Renee Decl."), and Declaration of Tara Manfredi dated Nov. 24, 2026 ("Tara Decl.").

The Court should grant this motion so that current and former employees who worked for Defendants as non-managerial servers at Defendants' restaurant known as the Flemington Diner or the Flemington-Raritan Diner (the "Diner") located in Flemington, New Jersey, at any time between July 6, 2023 and the present, can receive notice of their right to participate in this action.

Plaintiffs seek this relief in accordance with the overwhelming precedent in this Circuit and District to grant conditional certification of FLSA collective actions after a plaintiff has met her low burden by making a "modest factual showing" demonstrating "a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Kaynaroglu v. Avis Budget Group*, *Inc.*, 773 F.Supp.3d 169, 184 (D.N.J. 2025) (quoting *Halle v. W. Penn. Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016)).

## PROCEDURAL HISTORY AND PERTINENT FACTS

On July 6, 2026, Klemka filed this action on behalf of herself, individually, and on behalf of all others similarly-situated, seeking relief for Defendants' violations of the wage and hour provisions of the Fair Labor Standards Act ("FLSA"), as well as various provisions of the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage Payment Law ("NJWPL") and their supporting regulations. (*See* Compl. ¶ 1, ECF No. 1). That same day, Klemka filed her consent to become a party in this collective action. (ECF No. 3). On July 8 and July 28, 2026, respectively, opt-in Plaintiffs Renee Manfredi and Tara Manfredi filed their consents to join this lawsuit, thereby opting into the collective action. (ECF Nos. 5, 11). On September 8, 2026, Defendants filed their Answer. (ECF No. 15).

Plaintiffs were servers employed at Defendants' Diner in Flemington, New Jersey, which is open seven days each week for twelve or more hours each day. Plaintiffs were all paid a fixed amount each week of less than the federal minimum wage per hour. In addition, Defendants took 20% of the servers' tips for an unknown purpose and refused to account for credit card tips. In addition to the servers, the Diner employed two busboys who cleared the tables after diners left, a number of cooks and food preparers in the kitchen who had no interaction with the guests, and a general manager who also served as host, welcoming guests and seating them.

Plaintiffs discussed Defendants' failure to pay minimum wage and taking of servers' tips with more than ten other servers and understood that the other servers on various shifts were paid in the same arbitrary manner and not in compliance with FLSA's wage and tip requirements. (*See* Klemka Decl. ¶¶ 13-14; Renee Decl. ¶¶ 13-14; Tara Decl. ¶¶ 13-14). Plaintiffs now seek to vindicate their coworkers' rights through Court-approved notice of collective action by mail, email, and text message. Because of high turnover in the Diner, it is unclear how many servers may be affected by these practices. (*See* Klemka Decl. ¶ 18; Renee Decl. ¶ 18; Tara Decl. ¶ 18).

Employees regularly communicated with management by text message on their personal phones, and thus believe that text message may be the most reliable medium to communicate notice of this lawsuit to former and current employees. (*See* Klemka Decl. ¶¶ 15-16; Renee Decl. ¶¶ 15-16; Tara Decl. ¶¶ 15-16). Also, Plaintiffs identified two places in the Diner where current employees read notices and thus request that the Court-approved noticed be posted there to ensure that current servers will read it. (*See* Klemka Decl. ¶ 17; Renee Decl. ¶ 17; Tara Decl. ¶ 17).

## ARGUMENT

### I. The Remedial Purposes of the FLSA Warrant Prompt and Accurate Notice to Potential Collective Action Members

The FLSA authorizes employees to bring a collective action "[o]n behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). "By permitting employees to proceed collectively, the FLSA provides employees the advantages of pooling resources and lowering individual costs so that those with relatively small claims may pursue relief where individual litigation might otherwise be cost-prohibitive." *Halle*, 842 F.3d at 223. Collective actions also "yield[] efficiencies for the judicial system through resolution in one proceeding of common issues arising from the same allegedly wrongful activity affecting numerous individuals." *Id.* (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

#### A. Prompt Notice to the Collective Is Crucial to the Purpose of the FLSA

To further the FLSA's " 'humanitarian and remedial' " purpose, *Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 426 (3d Cir. 2017) (quoting *Brock v. Richardson*, 812 F.2d 121, 123 (3d Cir. 1987)), courts have discretion to authorize notice to potential opt-ins so that they may join an existing action early in the proceedings. *Hoffman-La Roche*, 493 U.S. at 170 (realizing the benefits of collective actions "depend[s] on employees receiving accurate and timely notice

concerning the pendency of the action"); *Halle*, 842 F.3d at 224 (emphasizing the benefits of a court's "early intervention in the preparation and distribution of notice to potential participants").

Prompt notice is crucial to the protection of workers' rights because a worker's federal statute of limitations runs until they file a consent form stating their intention to join the case. *See* 29 U.S.C. §§ 216(b), 256(b); *see also Symczyk v. Genesis Healthcare Grp.*, 656 F.3d 189, 200 (3d Cir. 2011), *rev'd on other grounds by Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66 (2013); *DePalma v. Scotts Co. LLC*, 2017 WL 1243134 at *2 (D.N.J. Jan. 20, 2017) ("Opt-in plaintiffs' FLSA claims are . . . particularly vulnerable to the running of the statute of limitations."). Here, timely notice will curtail the continued erosion of the potential collective action members' claims.

### B. The Standard for Conditional Certification Is Lenient

The Third Circuit has adopted a "two-tiered analysis" when "deciding whether a suit brought under § 216(b) may move forward as a collective action." *Symczyk*, 656 F.3d at 192; *see Halle*, 842 F.3d at 224; *Lusardi v. Xerox Corp.*, 747 F.2d 174, 177-78 (3d Cir. 1984); *Kaynaroglu*, 773 F. Supp. 3d at 188 (reviewing the Third Circuit's adherence to this standard and explaining in detail the differences between this standard and the standard for a class action under Fed. R. Civ. P. 23). At the first stage, the Court must "make[] a preliminary determination whether [collective members] can be provisionally categorized as similarly situated to the named plaintiff." *Symczyk*, 656 F.3d at 192. A plaintiff's burden at this stage is low: she need make only a "modest factual showing," which includes some evidence, "beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* at 193; *accord Mejia v. Allied Aviation Svcs. Inc.*, 2025 WL 1378964 at *4 (D.N.J. May 13, 2025).

"In other words, Named Plaintiff need only show that similarly situated plaintiffs exist." *Mejia*, 2025 WL 1378964 at *4. Stated differently, the court need only engage in a review of "the

pleadings and affidavits in support of or in opposition to the proposed collective action." *Jones v. SCO, Silver Care Operations LLC*, 2015 WL 5567355 at *4 (D.N.J. Sep. 22, 2015); *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 569 (D.N.J. 2014) (same). "Being 'similarly situated' . . . means that one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Halle*, 842 F.3d at 226. "A showing that opt-in plaintiffs bring the same claims and seek the same form of relief has been considered sufficient for conditional certification." *Jones*, 2015 WL 5567355 at *4.

This standard is lenient because "conditional certification is 'not a true certification, but rather an exercise of the court's discretionary authority to oversee and facilitate the notice process.'" *Kaynaroglu*, 773 F. Supp. 3d at 185 (quoting *Halle*, 842 F.3d at 224); *see also Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) ("'conditional certification' is not really a certification"). "The 'sole consequence' of conditional certification is the dissemination of court-approved notice to potential collective action members." *Halle*, 842 F.3d at 224 (quoting *Genesis HealthCare Corp.*, 569 U.S. at 75).

**C. The District Court's Supervision of the Notices To Be Distributed Ensures Efficiency**

Conditional certification furthers the FLSA's "broad remedial goal" and thus must be liberally construed in favor of the plaintiffs. *See Hoffman-LaRoche*, 493 U.S. at 173. "[T]he FLSA is a remedial statute that should be liberally construed." *Zavala*, 691 F.3d at 537. "[T]he court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-LaRoche*, 493 U.S. at 170-71. "A district court's early intervention in the preparation and distribution of notice to potential participants serves legitimate purposes, including avoidance of a multiplicity of duplicative suits and establishing cut-off dates to expedite disposition of the action." *Halle*, 842 F.3d at 224.

Pursuant to 29 U.S.C. § 216(b), individuals who wish to join a collective action must file with the court a written consent that the action may proceed on their behalf. *Id.* Indeed, the Supreme Court has characterized § 216(b) as a "joinder process." *Genesis HealthCare Corp.*, 569 U.S. at 75 n.1. "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Until an absent collective action member opts-in, the statute of limitations on her claims continues to run. 29 U.S.C. § 255(a). It is thus important that notice be given promptly to preserve the claims of collective action members, and it is not uncommon for courts to approve expedited notice. In *Hoffmann-LaRoche*, 493 U.S. at 170, the Supreme Court recognized the importance of collective members receiving "accurate and timely" notice about a pending FLSA action so that they can take action. The Supreme Court noted that the "collective action" mechanism provides individuals with "the advantage of lower individual costs to vindicate rights by the pooling of resources," which results in the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [FLSA violation]." *Id.* at 170. Even though 29 U.S.C. § 216(b) does not require parties to obtain judicial approval before seeking to advise other similarly-situated persons of their FLSA rights, district courts routinely expedite and facilitate notice to potential opt-in plaintiffs by "conditionally certifying" the § 216(b) collective. *See, e.g.*, *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243, 245 (3d Cir. 2013) (holding that trial court properly granted conditional certification during the month following the filing of the plaintiff's complaint, in the interest of orderly and expeditious disposition of the case); *Kress v. Fulton Bank, N.A.*, 2021 WL 9031639, at *14 (D.N.J. Sep. 17, 2021) (noting that early collective action notice expedites the disposition of the action).

## II. Plaintiffs Easily Satisfy the Lenient Standards for Conditional Certification and Sending Notice to the Potential Collective Action Members

As explained above, the Court may authorize the sending of notice after Plaintiffs make a modest factual showing that they and potential opt-in plaintiffs are "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Halle*, 842 F.3d at 226. Courts may not assess the merits, resolve factual disputes, or make credibility determinations on a motion for conditional certification. *See Kaynaroglu*, 773 F. Supp. 3d at 185; *Mejia*, 2025 WL 1378964, at *4; *Maddy v. General Elec. Co.*, 59 F. Supp. 3d 675, 681 (D.N.J. 2014); *Goodman v. Burlington Coat Factory*, 2012 WL 5944000 at *6 (D.N.J. Nov. 20, 2012).

"Because at this point the court usually has only minimal evidence before it – the pleadings and any affidavits submitted by the parties – this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Morisky v. Public Svc. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000) (internal quotation marks and citation omitted); *see also Casco v. Ponzios RD, Inc.*, 2018 WL 1203469, at *3 (D.N.J. Mar. 8, 2018); *Robles v. Vornado Realty Trust*, 2015 WL 5012597, at *4 (D.N.J. Aug. 21, 2015); *Rochester v. City of East Orange*, 2013 WL 6858855, at *2 (D.N.J. Dec. 30, 2013); *Barrios v. Suburban Disposal, Inc.*, 2013 WL 6498086, at *2 (D.N.J. Dec. 11, 2013); *Troncone v. Velahos*, 2011 WL 3236219, at *2 (D.N.J. July 28, 2011); *Zavala*, 2010 WL 2652510, at *2; *Herring v. Hewitt Assocs., Inc.*, 2007 WL 2121693, at *2 (D.N.J. July 24, 2007) (all same).

Applying these principles, courts have held that the affidavit of a single named plaintiff referring to conversations with other employees is sufficient to justify a grant of conditional certification. *See, e.g.*, *Yang v. Taiji Oriental Spa NJ Corp.*, 2023 WL 8469611, *2, 3 (D.N.J. Dec. 6, 2023) (granting conditional certification supported by one plaintiff affidavit); *Russo v.*

*Government Employees Insurance Co.*, 2022 WL 3098107, *4 (D.N.J. Aug. 3, 2022) (same); *Yang v. Village Super Market, Inc.*, 2019 WL 1275059, at *2 (D.N.J. Mar. 20, 2019) (same).

Here, Plaintiffs provide their supporting declarations, based on their personal observations, interactions, and conversations with other current and former servers, all of whom worked for Defendants while they did, which demonstrate that additional individuals, who are similarly-situated with respect to the Defendants' treatment of them all, exist. *See* Klemka Decl. ¶¶ 7-8, 10, 13-14; Renee Decl. ¶¶ 7-8, 10, 13-14; Tara Decl. ¶¶ 7-8, 10, 13-14. Plaintiffs' declarations demonstrably show that Defendants paid them according to a common practice of paying less than federal minimum wage for the hours that they worked, *see* 29 U.S.C. §§ 203(m), 206(a)(1), that they were not paid all tips owed,, and that they spoke with at least eleven other servers about the same who all said they were paid the same way too.

This is all that is required – in fact it is more than what is required – for Plaintiffs to make their "modest factual showing" and to meet their "low" burden of proof. Indeed, courts in this Circuit regularly grant conditional certification motions on such evidence as the complaint or the complaint and one plaintiff's affidavit alone, as the cases cited in the paragraph before the preceding paragraph show. Other courts grant conditional certification motions where there are three plaintiffs' affidavits, as here, or two. *See, e.g., Mejia*, 2025 WL 1378964 at *3 (finding that three plaintiff affidavits satisfy the standard for conditional certification); *Jones*, 2015 WL 5567355, at *5 (finding that three plaintiff affidavits are "more than adequate" for conditional certification); *Bath v. Red Vision Sys., Inc.*, 2014 WL 2436100, at *6 (D.N.J. May 29, 2014) (finding that three plaintiff affidavits are sufficient). In *Purnamasidi v. Ichiban Japanese Restaurant*, 2010 WL 3825707, at *4 (D.N.J. Sep. 24, 2010), the court held that the plaintiff's assertion that there were at least twenty-five other similarly situated persons, together with the

affidavit of one other waiter who declared that "I regularly see other employees, such as waiters, waitresses, and bussers working the same hours and receiving the same type of pay as I do," constituted sufficient, if "the barest minimum," to support conditional certification. Plaintiffs easily outdo that here in terms of both the quality and quantity of their proof.

## III. The Court Should Order that Notice and a Reminder Notice Be Sent to Potential Collective Action Members and Order Defendants to Produce Complete Contact Information for All Potential Collective Action Members

Based on the foregoing, the Court should authorize Plaintiffs to disseminate notice to all potential members of the collective, defined as "current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as servers, and who give consent to file a claim to recover unpaid minimum wages, tips, and liquidated damages that are legally due to them." *See, e.g.*, *Pearsall-Dineen*, 27 F. Supp. 3d at 569 (conditionally certifying a collective action of "[a]ll persons who worked . . . at any time during the last three years prior to the filing of the Complaint . . . through the entry of Judgment"); *Hughes v. Township of Franklin*, 2014 WL 1428609, at *1 (D.N.J. Apr. 14, 2014) (conditionally certifying a collective action "on behalf of all persons [during] the three years preceding the inception of this action"); *Krstic v. J.R. Contracting & Envtl. Consulting*, 2011 WL 1042732, at *8 (D.N.J. Mar. 16, 2011) ("Plaintiffs' collective action will extend three years backwards from the date on which Plaintiffs filed Plaintiffs' original complaint.").

### A. The Proposed Notice

A proposed Notice of Lawsuit and Consent to Join form ("Notice") is attached as Exhibit A to the accompanying Declaration of Anthony P. Consiglio ("Consiglio Decl."). This Notice provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. This Notice further explains the responsibilities that opt-in plaintiffs incur when joining the lawsuit including, *inter alia*, providing

information relating to their employment with Defendants and appearing for a deposition or testifying in court, and also unequivocally indicates, in numerous sections, that the recipient of the Notice is not necessarily entitled to monetary recovery. The Notice is "timely, accurate, and informative," thus meeting all legal requirements. *See Hoffman-LaRoche, Inc.*, 493 U.S. at 172. The proposed Notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and the Court should therefore adopt it.

### B. The Court Should Order Defendants to Produce Potential Collective Members' Contact Information

Accordingly, in addition to conditionally certifying the collective action, Plaintiffs request that the Court also order Defendants to produce to Plaintiffs the following within fourteen days of its Order: a list, in an electronic, text searchable format, of all persons employed by Defendants as kitchen staff workers, at time within three years from the date of the filing of the Complaint to the present, including names, last known addresses, all known telephone numbers and e-mail addresses, and dates of employment.[1] *See, e.g., Robles*, 2015 WL 5012597, at *5 (approving production of names, phone numbers and email addresses); *Ornelas v. Hooper Holmes, Inc.*, 2014 WL 7051868, at *9 (D.N.J. Dec. 12, 2014) (same); *Pearsall-Dineen*, 27 F. Supp. 3d at 574 (same); *Bouder v. Prudential Fin., Inc.*, 2008 WL 7898281, at *5 (D.N.J. Mar. 27, 2008) (ordering the production of names, last known mailing addresses, telephone numbers, dates of birth, last four digits of social security numbers, employee dates of employment, and location of employment of class members).

The three-year limitations period applies where a plaintiff has alleged a willful violation of the FLSA by the defendant. *See* 29 U.S.C. § 255(a). "[W]illfulness under the FLSA is established

[1] Plaintiffs respectfully reserve the right to request social security numbers to perform a skip trace if any mailings are returned as undeliverable. *See Kaynaroglu*, 773 F. Supp. 3d at 195; *Shakib v. Back Bay Restaurant Grp., Inc.*, 2011 WL 5082106 at *6 (D.N.J. Oct. 26, 2011).

where 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA.]'" *Stone v. Troy Construction, LLC*, 935 F.3d 141, 150 (3d Cir. 2019) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (reversing district court for requiring a showing of egregiousness instead of recklessness). At the pleading stage, "'evident indifference toward the requirements imposed by the FLSA' is satisfactory to constitute a willful violation." *Kaynaroglu*, 773 F. Supp. 3d at 181 (quoting *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991)). Here, Plaintiffs aver that they complained to Drakopoulos at least twice each that they were being paid less than federal minimum wage; Defendants refused to listen or bring their pay into conformance with the FLSA; Plaintiffs complained to Drakopoulos that they did not receive their share of tips; and Defendants did not allow Plaintiffs to see the credit card tips but required that they accept what Defendants gave them. (*See* Klemka Decl. ¶¶ 7, 8, 10; Renee Decl. ¶¶ 7, 8, 10; Tara Decl. ¶¶ 7, 8, 10). Courts accept allegations like this as establishing "evident indifference" and satisfying a plaintiff's burden to allege a willful violation of the FLSA in support of conditional certification. *See id.* at 181-82 (collecting cases); *id.* at 189 n.7.

### C. The Court Should Order Defendants to Post the Notice in a Conspicuous Position in the Employees' Work Space

In order to provide timely, accurate, and informative notice concerning the pendency of the collective action, the Court should authorize that notice be mailed and posted in a conspicuous place at the work locations of potential collective action members. *See Mejia*, 2025 WL 1378964 at *6 (requiring that defendant post the notice in conspicuous locations at the work site); *Ornelas*, 2014 WL 7051868, at *9 (ordering mailing and posting at defendants' locations in addition to distribution of individual notice); *Bath*, 2014 WL 2436100, at *8 (ordering the mailing and posting of notice at defendant's locations because "numerous courts have endorsed posting the notice in the employer's locations as it ensures that a large number of potential plaintiffs are notified").

Here, Plaintiffs have explained in their Declarations that there are two places in the Diner where employees regularly read notices, namely, on a wall by the computers and on the wall in the kitchen. (*See* Klemka Decl. ¶ 17; Renee Decl. ¶ 17; Tara Decl. ¶ 17). The Court should order Defendants to post notice in both of those places, provide proof of their compliance in the form of a photograph, and further provide a declaration that the postings will remain there, unobstructed, throughout the pendency of the opt-in period.

**D. The Court Should Permit Plaintiffs to Send a Notice and a Reminder Notice Via Regular Mail, Email, and Text Message, and Permit a Sixty-Day Opt-in Period**

Plaintiffs request that the opt-in period remain open for sixty days in order to give all individuals sufficient time to opt-in to this action. *See Kaynaroglu*, 773 F. Supp. 3d at 195-96 (sixty-day notice period is appropriate); *Pearsall-Dineen*, 27 F. Supp. 3d at 575 (granting a sixty-day notice period); *Afsur v. Riya Chutney Manor LLC*, 2013 WL 3509620, at *3 (D.N.J. July 11, 2013) (same).

Plaintiffs also request that halfway through the opt-in period, they be permitted to send a reminder notice to all potential collective actions members who have not yet opted-in. *See Jones*, 2015 WL 5567355, at *5 (allowing plaintiffs to send a reminder notice); *Pearsall-Dineen*, 27 F. Supp. 3d at 575 (ordering distribution of "a second notice halfway through the notice period"). A proposed reminder notice is annexed to the Consiglio Decl. as Exhibit D.

Plaintiffs also request that they be permitted to apprise putative opt-in plaintiffs of the pendency of the action and the possibilities of joining this action *via* text message and email for both the original and reminder notices. The proposed text message and email that Plaintiffs wish to send are annexed to the Consiglio Declaration as Exhibits B and C, respectively.

It is common practice in the Third Circuit that putative collective action members receive notice by email. *See, e.g.*, *Ornelas*, 2014 WL 7051868, at *9 (adopting magistrate judge's report

and recommendation that notice be sent *via* email); *Pearsall-Dineen*, 27 F. Supp. 3d at 575 (ordering plaintiff to email notice to last known personal email addresses of collective action members). "[C]ourts in this Circuit have . . . embraced notice via email ***and text message*** 'because of the heightened reliability of electronic notifications to reach the intended individual.'" *Kaynaroglu*, 773 F. Supp. 3d at 195 (emphasis added) (quoting *Gilbertson v. J. Givoo Consultants I, Inc.*, 2021 WL 689114 at *1 (D.N.J. Feb. 23, 2021). *See Gilbertson*, 2021 WL 689114 at *2 (permitting notice *via* mail, email, and text message and emphasizing that "most Americans have recently transitioned to electronic communication" and "the high turnover rate and transient nature of many hourly workers weighs in favor of additional electronic notification procedures").

Here, Plaintiffs have explained in their Declarations that the servers regularly communicated with Defendants on their personal cell phones. (*See* Klemka Decl. ¶¶ 15-16; Renee Decl. ¶¶ 15-16; Tara Decl. ¶¶ 15-16). As such, Plaintiffs request that they be permitted to provide notice to putative collective action members by text message containing a link to the original and reminder notices on Plaintiffs' counsel's website and by email containing the original and reminder notices as attachments. There is a proposed reminder text message and email for the Court's consideration at Exhibit D to the Consiglio Declaration.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion in its entirety.

Dated: Garden City, New York
November 24, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________
ANTHONY P. CONSIGLIO